IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE D. SCHREANE,

    Petitioner,

v.

J. SEANA, *et al.*,

    Respondents.

CIVIL ACTION NO. 3:CV-13-3009

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## ORDER

**NOW**, this 12th day of March, 2014, upon review of the Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 7) for plain error or manifest injustice, Petitioner's Opposition to the Report and Recommendation (Doc. 8),[1] the Petition for Writ of Habeas Corpus (Doc. 1), and the Memorandum of Law in support of the Petition (Doc. 2), and finding that Petitioner failed to exhaust his administrative remedies, **IT IS HEREBY ORDERED** that:

(1) The Report & Recommendation (Doc. 7) is **ADOPTED in its entirety**.

(2) The Petition (Doc. 1) is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

(3) The Clerk of Court is directed to mark the case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

[1] Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Because Petitioner's objections do not address the fact that he failed to exhaust his administrative remedies, and he instead simply repeats the arguments set forth in the memorandum of law supporting his Petition, the Report and Recommendation has been reviewed for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).